```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                                          :
EDWARD FRAWLEY,                                           :
                                                          :
                        Petitioner,                       :      MEMORANDUM AND ORDER
                                                          :      07-CV-4580 (BMC)
        -against-                                         :
                                                          :
WILLIAM D. BROWN, Superintendent                          :
EASTERN CORRECTIONAL FACILITY,                            :
                                                          :
                        Respondent.                       :
----------------------------------------------------------x
```

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ NOV 05 2007 ★ BROOKLYN OFFICE

**COGAN**, District Judge.

Petitioner Edward Frawley, who is currently incarcerated in Eastern Correctional Facility pursuant to a judgment of conviction for murder in the second degree (two counts) and robbery in the first degree (two counts), brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act").[1]

## BACKGROUND

Following a jury trial in New York Supreme Court, Queens County, petitioner was convicted on October 1, 1982. See Petition at 1, ¶¶ 1, 2. Petitioner appealed his conviction, which was affirmed on June 1, 1987 by the Appellate Division, Second Department. People v. Frawley, 131 A.D.2d 504, 516 N.Y.S.2d 253 (2d Dep't. 1987). Petitioner then sought leave to appeal to the New York Court of Appeals. On August 10, 1987, the New York State Court of

---

[1] Under this Court's Administrative Order 2001-06, *pro se* petitions for writs of habeas corpus may be filed without prepayment of fees or a request to waive *in forma pauperis* status. No *in forma pauperis* request or fee was received from petitioner in this case.

Appeals denied petitioner's leave to appeal. See People v. Frawley, 70 N.Y.2d 711 (1987). Petitioner did not seek a writ of certiorari from the United States Supreme Court.

In addition to pursuing his direct appeal, petitioner alleges that he filed a writ of error coram nobis, which was denied on October 17, 2006. Petition at 3, ¶ 11(a)(6); People v. Frawley, 33 A.D.3d 814 (2d Dept. 2006). Leave to appeal the denial of the writ of error coram nobis was denied on March 8, 2007. People v. Frawley, 8 N.Y.3d 922 (2007). Petitioner fails to allege the date that he filed the writ of error coram nobis.

The instant petition, dated October 22, 2007, was received by the United States District Court for the Eastern District of New York on October 29, 2007.

## DISCUSSION

In enacting AEDPA, Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

> presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S. 320, 327, 117 S.Ct. 2059, 2063 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act"); see also Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998) (a prisoner whose conviction became final prior to the effective date of the AEDPA is afforded one year after the effective date of the Act in which to file a first habeas petition under § 2254). If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam), cert. denied, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002) (quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Id.; see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003), Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000). See also Day v. McDonough, 547 U.S. 198, 210, 126 S.Ct. 1675, 1684 (2006) ("district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas

petition") However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta, 221 F.3d at 125 (citing Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) and Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994)).

The facts alleged in this petition suggest that petitioner's application for habeas corpus relief may be time-barred. Since petitioner's judgment of conviction became final prior to the AEDPA, petitioner had one year from the effective date of the Act or until April 24, 1997, in which to file his petition in federal court. The petition was filed on October 29, 2007, almost ten years after the limitations period expired. Therefore, the petition is barred by 28 U.S.C. § 2244(d) unless tolling is applicable.

In this case, petitioner alleges that he filed a writ of error coram nobis, but he fails to allege the date in which he filed the writ. However, as noted above, the writ of error coram nobis was denied on October 17, 2006 and leave to appeal the denial was issued on March 8, 2007. Although "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted", 28 U.S.C. § 2244(d)(2), the filing of a post-conviction motion does not start the one-year statute of limitations period or grace period to run anew. On the present record, there is no basis for equitable tolling.

## CONCLUSION

Petitioner is therefore directed to show cause by written affirmation, within thirty (30)

4

days from the date of this Order, why the instant petition should not be dismissed as time-barred.[2] Day, 547 U.S. at 210, 126 S.Ct. at 1684 (citing Acosta, 221 F.3d at 124-125) (before acting on its own initiative to dismiss petition as untimely, court must accord the parties fair notice and an opportunity to present their positions). Petitioner's affirmation should include any facts which would support tolling of the statute of limitations. In addition, petitioner's affirmation must include the date he filed the writ of error coram nobis.

No response to the petition shall be required at this time and all further proceedings shall be stayed for thirty (30) days for petitioner to comply with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
_____
U.S.D.J.

Dated: Brooklyn, New York
       November 2, 2007

---

[2] An affirmation form is attached to this Order for petitioner's convenience.

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
EDWARD FRAWLEY,                                       :
                                                      :
                    Petitioner,                       :
                                                      :          PETITIONER'S AFFIRMATION
           -against-                                  :          07-CV-4580 (BMC)
                                                      :
WILLIAM D. BROWN, Superintendent                      :
EASTERN CORRECTIONAL FACILITY,                        :
                                                      :
                    Respondent.                       :
------------------------------------------------------x
STATE OF _____  }
COUNTY OF _____   } SS:
```

Edward Frawley, makes the following affirmation under the penalties of perjury:

I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year statute of limitations because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____

_____
City, State & ZIP