UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
EDWARD FRAWLEY,

              Petitioner,

              -against-

WILLIAM D. BROWN, Superintendent
EASTERN CORRECTIONAL FACILITY,

              Respondent.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
07-CV-4580 (BMC)

**COGAN**, District Judge.

By order dated November 2, 2007, petitioner was directed to show cause by affirmation, within 30 days, why his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Petitioner's affirmation, received on November 19, 2007, fails to demonstrate that the instant petition is timely and petitioner's arguments are insufficient to warrant equitable or statutory tolling. Therefore, the petition is dismissed as time-barred.

## BACKGROUND

Following a jury trial in New York Supreme Court, Queens County, petitioner was convicted on October 1, 1982. See Petition at 1, ¶¶ 1, 2. Petitioner appealed his conviction, which was affirmed on June 1, 1987 by the Appellate Division, Second Department. See People v. Frawley, 131 A.D.2d 504, 516 N.Y.S.2d 253 (2d Dep't. 1987). Petitioner then sought leave to appeal to the New York Court of Appeals. On August 10, 1987, the New York State Court of Appeals denied petitioner's leave to appeal. See People v. Frawley, 70 N.Y.2d 711 (1987). Petitioner did not seek a writ of certiorari from the United States Supreme Court.

In addition to pursuing his direct appeal, petitioner alleges that he filed a writ of error

coram nobis on March 30, 2006, which was denied on October 17, 2006. Petition at 3, ¶ 11(a)(6); People v. Frawley, 33 A.D.3d 814 (2d Dept. 2006). Leave to appeal the denial of the writ of error coram nobis was denied on March 8, 2007. People v. Frawley, 8 N.Y.3d 922 (2007). Petitioner fails to allege the date that he filed the writ of error coram nobis.

The instant petition, dated October 22, 2007, was received by the United States District Court for the Eastern District of New York on October 29, 2007.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, created a one year statute of limitations for petitioners to file for a writ of habeas corpus. 28 U.S.C. § 2244 (d)(1). A petitioner's judgment of conviction becomes final 90 days from the date the New York State Court of Appeals denies leave to appeal. See Pratt v. Greiner, 306 F.3d 1190, 1195 (2d Cir. 2002). Therefore, petitioner's conviction became final on or about November 9, 1987. Since petitioner's judgment of conviction became final prior to the AEDPA, petitioner had one year from the effective date of the Act or until April 24, 1997, in which to file his petition in federal court. Carey v. Saffold, 536 U.S. 214, 217-18, 122 S.Ct. 2134, 2137 (2002); Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998) (a prisoner whose conviction became final prior to the effective date of the AEDPA is afforded one year after the effective date of the Act in which to file a first habeas petition under § 2254).

## TOLLING

In his affirmation, petitioner argues that he is entitled to statutory tolling because on March 30, 2006, he filed a writ of error coram nobis. See Affirmation at 2. Specifically,

2

petitioner states that:

> On **March 30, 2006** Petitioner filed his coram nobis motion. On **October 17th, 2006** the Appellate Division denied said motion,[1] and Petitioner sought permission to further appeal the denial of such before the New York State Court Of Appeals. On **March 8, 2007**, the Court of Appeals denied said application seeking permission to further appeal.[2] In assessing the time from which Petitioner initially filed his writ of error coram nobis motion...March 30th, 2006; the motion being decided by the Appellate Division on October 17th, 2006, and the request for permission to further appeal said order, pursuant to C.P.L. 460.20 became final on March 8th, 2007...Petitioner's habeas corpus petition still has until March 8th, 2008 to file said petition now pending before this honorable Court.

Id. at 3 (emphasis in original).

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation from the calculation of the one-year statute of limitations. See Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

Petitioner is not entitled to statutory tolling because his post-conviction motion filed on March 30, 2006, does not operate to toll the running of the limitations period, since it was filed after the statute of limitations expired. A state court collateral attack on a conviction cannot toll an already expired limitations period; nor does a belatedly filed state-court collateral attack serve to start the limitations period running anew. See Smith, 208 F.3d at 17 ("We therefore hold that

---

[1] People v. Frawley, 33 A.D.3d 814 (2d Dept. 2006).

[2] People v. Frawley, 8 N.Y.3d 922 (2007).

3

proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."); McKinley v. Woods, No. 07 Civ. 2467, 2007 WL 2816196, * 2 (E.D.N.Y. Sept. 26, 2007). Moreover, petitioner's affirmation fails to present any basis for equitable tolling.

## CONCLUSION

Petitioner's affirmation fails to present any facts which could support an argument for statutory or equitable tolling. Therefore, the instant petition is dismissed as time-barred. 28 U.S.C. § 2244(d)(1). A certificate of appealability will not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-445 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

_____
U.S.D.J.

Dated: Brooklyn, New York
      November 30, 2007